IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,096-01




EX PARTE WILLIE MACK ADAMS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 30508 IN THE 3RD DISTRICT COURT
FROM ANDERSON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to thirty-five years’ imprisonment. The Sixth Court of
Appeals affirmed his conviction. Adams v. State, No. 06-12-00113-CR (Tex. App. - Texarkana,
February 22, 2013, pet. ref’d.).
            Applicant contends, among other things,


 that his trial counsel rendered ineffective assistance
because counsel did not investigate Applicant’s mental health history or criminal history before
allowing Applicant to testify on his own behalf, and did not advise Applicant of the advantages and
disadvantages of taking the stand. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. 
Specifically, counsel shall state whether he was aware of any facts which might indicate that
Applicant was not competent to stand trial, or was not competent to testify on his own behalf. 
Counsel shall state whether he advised Applicant that the decision of whether or not to testify was
Applicant’s, and whether he advised Applicant of the advantages and disadvantages of taking the
stand. Counsel shall state whether Applicant was aware that his prior convictions could be used to
impeach him if he testified on his own behalf. Counsel shall also state whether he explained the
State’s notice of intent to enhance Applicant’s punishment with prior convictions to Applicant, and
whether Applicant appeared to understand the effect of the enhancement notice. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 16, 2014
Do not publish